UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDSAY HELD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE LACROSSE GROUP INC.,<br><br>Defendant. | Case No. 3:14-cv-01842-WIG<br>(consolidated with Case No.<br>3:15-cv-00356-WIG) |
| MATTHEW HEMBERGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE LACROSSE GROUP INC.,<br><br>Defendant. | |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND CERTIFYING
SETTLEMENT CLASS**

**WHEREAS**, Plaintiffs and Class Representatives Lindsay Held and Matthew Hemberger, on behalf of themselves and the plaintiff class, have moved this Court for an Order granting final approval of the parties' settlement of this class action on the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement") duly entered into by the Parties and their counsel on April 21, 2016;

**WHEREAS**, Defendant Performance Lacrosse Group Inc. ("PLG") has not opposed the request for relief set forth therein;

1

WHEREAS, upon the Motion, the supporting Memorandum of Law, exhibits, and all pleadings and submissions previously filed in this action, the Court finds that final approval of the settlement is warranted;

**IT IS HEREBY ORDERED THAT:**

1. The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered factors that include: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best possible recovery; and (9) the range of reasonableness of the settlement to a possible recovery in light of all the attendant risks of litigation.

2. The Settlement Agreement was entered into by experienced counsel after extensive, arm's length negotiations. The Settlement is not the result of collusion. The Settlement was entered into in good faith. Class Counsel and the Plaintiffs have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

3. The Court finds that there is no just reason for delay in entering the Final Order and Judgment Approving Settlement pursuant to Fed. R. Civ. P. 54(b), because (1) delay would not be in the best interests of the Settlement Class members, who will be able to receive Awards shortly after entry of the Final Order and Judgment Approving Settlement; and (2) judicial economy and administration would be served by the efficient resolution of the claims of

Settlement Class members by means of the Settlement.

4. The Court conditionally certified the following Settlement Class in the Preliminary Approval Order:

> Class: All persons throughout the United States who purchased a new Cascade R lacrosse helmet between July 1, 2013 and November 20, 2014, and who did not resell it.
>
> Retrofit Sub-Class: All persons throughout the United States who purchased a new Cascade R lacrosse helmet between July 1, 2013 and November 20, 2014, who did not resell it, and who have registered with PLG and had the retrofit performed by PLG pursuant to the R-M Retrofit Program as of the date of Final Approval of the settlement.
>
> Non-Retrofit Sub-Class: All persons throughout the United States who purchased a new Cascade R lacrosse helmet between July 1, 2013 and November 20, 2014, who did not resell it, and who have not had the retrofit performed by PLG pursuant to the R-M Retrofit Program as of the date of Final Approval of the settlement.
>
> Excluded from the class are: (1) all purchasers of a Cascade R helmet who resold the helmet; (2) all owners of Cascade R helmets purchased or obtained as used; (3) owners of Cascade R helmets obtained as free; (4) the Court and court employees; (5) all individuals or entities claiming to be subrogated to the rights of class members; (6) retailers or re-sellers of Cascade R helmets; (7) employees of PLG and their immediate families; and (8) any individuals with claims for personal injuries allegedly relating to the Cascade R helmets.

5. The Court finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a), as follows:

    a. In accordance with Fed. R. Civ. P. 23(a)(1), the Settlement Class members are so numerous that joinder of all such persons is impracticable.

    b. In accordance with Fed. R. Civ. P. 23(a)(2), there are questions of law and/or fact common to the Settlement Class members.

    c. In accordance with Fed. R. Civ. P. 23(a)(3), the claims of the Class

Representatives are typical of the claims of the Settlement Class.

    d. In accordance with Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately represent the interests of the Settlement Class, and do not have interests that are antagonistic to the Settlement Class.

6. The Court further finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3), in that (1) questions of fact and/or law common to Settlement Class members predominate over any questions affecting only individual Settlement Class members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the dispute. The Parties' ability to resolve the Action on terms applicable to all Settlement Class members establishes the predominance of common legal and factual questions for purposes of the Settlement. Moreover, a class action is the superior means of resolving the dispute because individual Settlement Class members have demonstrated no interest in prosecuting separate actions, and the cost of litigation far outpaces any individual recovery available to any Settlement Class member.

7. The Court therefore certifies, for settlement purposes only, the Settlement Class as defined in Paragraph 4 of this Order.

8. The Court finds that the notice issued in conjunction with this settlement: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(3) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.

9. The Court further finds, pursuant to Fed. R. Civ. P. 23(c)(2), that the notice issued

adequately informed Settlement Class members of their rights with respect to the Action.

10. The Court hereby enters a judgment of dismissal of the Amended Complaint in the Action with prejudice and without costs (except as specified herein), pursuant to Fed. R. Civ. P. 54(b).

11. The Court hereby grants Class Counsel's application for an award of attorneys' fees in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00), to be paid by Defendant in accordance with the terms of the Settlement Agreement.

12. The Court further grants Class Counsel's application for Incentive Awards, in the amount of One Thousand Five Hundred Dollars ($1,500.00) to be paid to each of Lindsay Held and Matthew Hemberger in accordance with terms of the Settlement Agreement.

13. Class Counsel, in their sole discretion, shall allocate and distribute the award of attorneys' fees and expenses among counsel for the Plaintiffs.

14. The Court finds that, pursuant to the terms of the Settlement Agreement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from liability for any and all Released Claims as defined in the Settlement Agreement.

15. The Court further finds that, the Plaintiffs on their own behalf and on behalf of all Settlement Class members who do not opt out of the proposed Settlement Class release and forever discharge PLG from any and all claims, demands, causes of action of every kind and nature, obligations, damages, losses and costs, whether known or unknown, actual or potential, suspect or unsuspected, contingent or fixed, that were or could have been asserted or sought in this Action, relating in any way to the Cascade R helmet, including, but not limited to, claims for breach of express or implied warranty, violation of state consumer protection or deceptive trade practices statutes, fraud, or any other theory sounding in tort or contract. This release does not

apply to any claims for personal injuries against PLG allegedly relating to the Cascade R helmets.

16. Without in any way affecting the finality of this Order and Judgment, the Court hereby retains jurisdiction over the Parties to the Settlement, including all Settlement Class members, to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

**IT IS SO ORDERED.**

_____
Hon. William I. Garfinkel